IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|   |   |   |
|---|---|---|
| THE CONFEDERATED TRIBES OF THE COLVILLE RESERVATION | ) ) ) ) | Case No. 21-1664L |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| THE UNITED STATES OF AMERICA, | ) ) | |
| Defendant | ) ) ) ) | |

**UNITED STATES' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF ON RELEVANCE AND IMPACT OF *ARIZONA V. NAVAJO NATION***

In *Arizona v. Navajo Nation*, the Supreme Court held that the United States owes judicially enforceable trust duties to a tribe only insofar as the United States expressly accepts those duties through treaties, statutes, and regulations. 143 S. Ct. 1804, 1813 (2023). Plaintiff's position is that *Arizona* has no bearing on this case. Pl.'s Supp. Br. on Relevance & Impact of *Arizona v. Navajo Nation*, ECF No. 20. Plaintiff is mistaken. The *Arizona* decision reinforces the proposition that Plaintiff must identify specific rights-creating and duty-imposing language in statutes and regulations in order to have a viable breach of trust claim against the United States. In this case, while Plaintiff has pointed to statutes and regulations that create specific, rights-creating language for certain aspects of timber sales and forest management, it has not shown any specific language establishing the duties it asserts the United States violated here, for fire management, fire suppression, and post-fire rehabilitation-related duties.

Plaintiff reiterated in its supplemental briefing that it relies on the statutes and regulations relied upon in *Mitchell II*, namely 25 U.S.C. §§ 406(a), 406, 407, 25 U.S.C. § 5109 (formerly 25

1

U.S.C. § 466), 25 U.S.C. § 318a, and 25 C.F.R. part 163.  Plaintiff notes that the *Mitchell II* court relied "on explicit statutory and regulatory directives to sustainably manage and sell timber."  Pl.'s Supp. Br. at 11.  Specifically, Plaintiff states that:

> 25 U.S.C. § 406 establishes the requirement for federal approval over any sale of "[t]he timber on any Indian land held under a trust," and 25 U.S.C. § 407 provides that for unallotted trust land, timber sales may only occur if "in accordance with the principles of sustained-yield management or to convert the land to a more desirable use."  25 U.S.C. § 5109 directs the Department of Interior to "make rules and regulations for the operation and management of Indian forestry units on the principle of sustained-yield management," which the Department promulgated at 25 C.F.R part 163.  25 U.S.C. § 318a authorizes funding for roads on Indian reservations, which builds upon the duties set forth in the forestry context.

*Id.*

None of these statutes or regulations, however, relate to the specific duties Plaintiff alleges the United States violated here.  These statutes and regulations do not mention fires, much less fire prevention, fire suppression, or post-fire rehabilitation.  25 U.S.C. §§ 406 and 407 deal specifically with requirements for timber sales.  Section 5109 directs the Department of the Interior to "make rules and regulations," which it did in 25 C.F.R. Part 163.  25 U.S.C. § 318a authorizes funding for roads on Indian reservations, but does not create any enforceable obligations, much less create judicially enforceable obligations related to forestry or firefighting.  The duty-creating language in the statutes from *Mitchell II*, therefore, does not support the duties Plaintiff asserts here.

Nor can the provisions of the National Indian Forest Management Act (NIFRMA), 25 U.S.C. §§ 3101 et seq., create a judicially enforceable duty here given that Congress expressly *disclaimed* the expansion of trust responsibilities.  25 U.S.C. § 3120 ("Nothing in this chapter shall be construed to diminish or expand the trust responsibility of the United States toward Indian forest lands, or any legal obligation or remedy resulting therefrom.").  Plaintiff argues that

2

NIFRMA "confirmed the trust duties with specificity and explicit 'shall' requirements," Pl.'s Supp. Br. at 12, but again fails to acknowledge NIFRMA's saving clause, which expressly states that the Act cannot be construed as expanding the United States' trust responsibilities.  Under *Arizona* and other Supreme Court precedent, therefore, NIFRMA alone cannot form the basis for an enforceable trust responsibility because the United States did not expressly accept those trust responsibilities in NIFRMA.  *See Arizona*, 143 S. Ct. at 1813 ("The Federal Government owes judicially enforceable duties to a tribe 'only to the extent it expressly accepts those responsibilities.'") (quoting *United States v. Jicarilla Apache Nation*, 564 U.S. 162, 177 (2011)).

Plaintiff also argues that *Arizona* supports its case because the Court noted the presence of potentially judicially enforceable duties in treaty language that, in Plaintiff's view, is less mandatory and specific than the language upon which Plaintiff relies here.  As an initial matter, the duties discussed in *Arizona* were not at issue in the case and therefore that part of the opinion is arguably dicta and is of limited import here.  Even setting that aside, however, Plaintiff must show rights-creating language that bears on the duties it asserts the United States violated here.  Specific language creating enforceable duties regarding timber sales does not by extension create, for example, a specific duty to prevent wildfires.  And Congress's specific statement that a statute does not expand the trust responsibility or legal obligations cannot be the basis of a judicially enforceable responsibility.  Plaintiff does not identify *any* statutory or regulatory language creating the duties it asserts the United States violated here and the Supreme Court's decision in *Arizona* militates against any such finding.

For the foregoing reasons, and as further explained in the United States' Motion to Dismiss and related briefing, ECF Nos. 7, 14, 19, the United States respectfully requests that the Court grant its Motion to Dismiss.

Respectfully submitted this 21st day of August, 2023,

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division

*s/ Devon Lehman McCune*
DEVON LEHMAN McCUNE
Senior Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
999 18th St., South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1487
Fax: (303) 844-1350
devon.mccune@usdoj.gov

4