IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE CONFEDERATED TRIBES OF THE COLVILLE RESERVATION, a federally recognized Indian Tribe,<br><br>   Plaintiff,<br><br>  v.<br><br>THE UNITED STATES OF AMERICA,<br><br>   Defendant. | No. 21-1664L |

## THE UNITED STATES' ANSWER TO PLAINTIFF'S COMPLAINT

  The United States ("Defendant") hereby submits the following Answer to Plaintiff's Second Amended Complaint (ECF No. 1). The numbered paragraphs below correspond to the numbered paragraphs in the Complaint. Defendant incorporates headings from the Complaint to assist with the organization of the Answer but, in doing so, does not admit any allegation contained therein or waive any defense. The United States denies any allegations in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

  1. The allegations in the first sentence of Paragraph 1 constitute Plaintiff's characterization of this case to which no response is required. To the extent that a response is required, Defendant denies the allegations. Defendant denies the allegations in the second sentence of Paragraph 1.

  2. Defendant denies the allegations in Paragraph 2.

  3. The allegations in Paragraph 3 constitute Plaintiff's characterization of unidentified reports, which speak for themselves and are the best evidence of their contents. To the extent that

the allegations in Paragraph 3 are inconsistent with the unidentified reports, Defendant denies them.

4.  Defendant admits the allegations in the first and second sentences of Paragraph 4. Defendant further admits that the North Star and Tunk Block Fires burned approximately 590 square miles. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the third sentence of Paragraph 4 and deny them on that basis. Defendant admits that approximately 20 percent of commercial timber acreage on the Reservation burned in the North Star and Tunk Block Fires. Defendant further admits that the North Star and Tunk Block Fires temporarily sterilized the soil in certain locations but denies the remaining allegations in the fifth sentence of Paragraph 4. Defendant admits the allegation in the sixth sentence of Paragraph 4.

5.  Defendant admits the allegations in the first and second sentences of Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 5, and denies them on that basis.

6.  Defendant admits the allegation in the first sentence of Paragraph 6. Defendant denies the allegations in the second sentence of Paragraph 6. Defendant admits that approximately 20 percent of the commercial timber acreage on the Reservation burned in the North Star and Tunk Block Fires and that subsequent wildfires also burned commercial timber on the Reservation. Defendant denies the remaining allegations.

7.  Defendant denies the allegations in Paragraph 7.

8.  Defendant admits the allegation in the first sentence of Paragraph 8. The allegation in the second sentence of Paragraph 8 constitutes Plaintiff's characterization of its Constitution which speaks for itself and is the best evidence of its contents. To the extent the allegation in the

second sentence of Paragraph 8 is inconsistent with the Constitution, Defendant denies it. Defendant admits the allegations in the third and fourth sentence of Paragraph 8. The allegation in the fifth sentence of Paragraph 8 is a legal conclusion to which no response is required. To the extent which a response is required, Defendant admits the allegations. Defendant admits the allegations in the sixth and seventh sentences of Paragraph 8.

9. Defendant admits that it holds certain monetary and non-monetary assets and resources in trust for Plaintiff. Defendant denies the remaining allegations in Paragraph 9.

10. The allegations in Paragraph 10 constitute Plaintiff's characterization and quotation of Secretarial Order 3335 and the "Memorandum on Tribal Consultation and Strengthening Nation-to-Nation Relationships" from President Joseph R. Biden, Jr. dated January 26, 2021. The Secretarial Order and Memorandum speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 10 are inconsistent with the Secretarial Order and Memorandum, Defendant denies them.

11. The allegations in Paragraph 11 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

12. The allegations in Paragraph 12 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

13. The allegations in Paragraph 13 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

14. Defendant admits the allegations in Paragraph 14.

15. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in the first sentence of Paragraph 15 regarding unspecified executive orders and Acts of Congress and denies them on that basis. The remaining allegations in Paragraph 15

constitute Plaintiff's characterization of the Executive Order of April 9, 1872, and Executive Order of July 2, 1872, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 15 are inconsistent with the Executive Orders, Defendant denies them.

16. The allegation in the first sentence of Paragraph 16 constitutes Plaintiff's characterization of its Reservation, to which no response is required. The allegation in the second and third sentences of Paragraph 16 constitute Plaintiff's characterization of the 2000-2014 Colville Indian Reservation Plan for Integrated Resources Management ("IRMP"), which speaks for itself and is the best evidence of its contents. To the extent the allegations in second and third sentences of Paragraph 16 are inconsistent with the IRMP, Defendant denies them.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and denies them on that basis.

18. Defendant admits the allegations in the first and second sentences of Paragraph 18. Defendant further admits that commercial forests on the Reservation are Plaintiff's largest trust asset but denies any remaining allegations.

19. Defendant admits that the harvest and sale of timber from the Colville Forest provides a source of revenue for the Tribes and source of employment for Tribal members. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and denies them on that basis.

20. Defendant admits that Plaintiff's trust lands and natural resources are of cultural and spiritual importance to Plaintiff; that certain Tribal members hunt, fish, and gather food and culturally-significant plants on the Reservation; and that certain Tribal members value locations of cultural and spiritual significance on the Reservation. Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20.

21.     Defendant admits that the United States has a trust relationship with the Confederated Tribes of the Colville Reservation. The remaining allegations in Paragraph 21 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

22.     Defendant admits that the United States holds certain lands, timber, and other non-monetary resources in trust for Plaintiff's benefit.  The remaining allegations in the first and third sentences of Paragraph 22 constitute Plaintiff's characterization of 25 U.S.C. §§ 177, 3101–3120, and 162(a), which speak for themselves and are the best evidence of their contents. To the extent the allegations in the first and third sentences are inconsistent with the statutes, Defendant denies them. The remaining allegations in Paragraph 22 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

23.     The allegation in Paragraph 23 constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegation.

24.     Defendant admits that pursuant to federal statutes, it holds certain lands in trust for Plaintiff and that certain of those lands contain timber and other non-monetary resources. The remaining allegations in Paragraph 24 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

25.     The allegations in Paragraph 25 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

26.     The allegations in Paragraph 26 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

27. The allegations in Paragraph 27 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

28. The allegations in Paragraph 28 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

29. The allegations in Paragraph 29 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

30. Defendant denies the allegations in Paragraph 30.

36. Federal Defendant admits that Plaintiff has managed timber on its reservation. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 36 and denies them on that basis.[1] Defendant denies the remaining allegations in the second sentence of Paragraph 36.

37. Defendant admits that the Indian Forest Management Assessment Team (IFMAT) prepared reports in 1993, 2003, and 2013. The remaining allegations in Paragraph 37 constitute Plaintiff's characterization of NIFRMA and the IFMAT reports, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 37 are inconsistent with NIFRMA and the cited IFMAT reports, Defendant denies them.

38. Defendant admits the allegations in Paragraph 38.

39. The allegations in Paragraph 39 constitute Plaintiff's characterization of the IFMAT III report, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 39 are inconsistent with the IFMAT III report, Defendant denies them.

---

[1] In Plaintiff's Complaint, the paragraph numbering omits paragraphs 31-35. Defendant's answer follows the numbering from the Complaint.

40. The allegations in Paragraph 40 constitute Plaintiff's characterization of the IFMAT III report, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 40 are inconsistent with the IFMAT III report, Defendant denies them.

41. The allegations in Paragraph 41 constitute Plaintiff's characterization of the IFMAT III report, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 41 are inconsistent with the IFMAT III report, Defendant denies them.

42. Defendant admits that roads may be utilized when conducting certain forest management, fire prevention, and fire suppression activities but denies the remaining allegations in the first sentence of Paragraph 42. The remaining allegations in Paragraph 42 constitute Plaintiff's characterization of the IFMAT I, II, and III reports, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 42 are inconsistent with the IFMAT I, II, and III reports, Defendant denies them.

43. Defendant denies the allegation in the first sentence of Paragraph 43. Defendant admits the allegation in the second sentence of Paragraph 43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the third sentence of Paragraph 43.

44. The allegations in Paragraph 44 constitute Plaintiff's characterization and quotation of the IFMAT III Site Report for the Colville Reservation ("IFMAT III Site Report"), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 44 are inconsistent with the IFMAT III Site Report, Defendant denies them.

45. The allegations in Paragraph 45 constitute Plaintiff's characterization and quotation of the IFMAT III Site Report, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 45 are inconsistent with the IFMAT III Site Report, Defendant denies them.

46. The allegations in Paragraph 46 constitute Plaintiff's characterization and quotation of the IFMAT III Site Report, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 46 are inconsistent with the IFMAT III Site Report, Defendant denies them.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant admits the allegations in the first and third sentences of Paragraph 48. Defendant further admits that the North Star Fire grew quickly and was fueled by timber, dry grasses, and logging slash, among other fuel types. Defendant denies the remaining allegations in Paragraph 48.

49. Defendant denies the allegations in the first sentence of Paragraph 49. As to the allegations in the second sentence, Defendant avers that the terms the terms "major suppression resources," "extremely limited resources," "exhausted," and "already unstable situation" are vague and ambiguous such that Defendant cannot form a response to the allegations and denies the allegations on that basis. Defendant admits that after 72 hours into the fire, the 118 local fire fighters were hampered by steep terrain, rolling rocks and falling trees, but denies the remaining allegations.

50. Defendant admits the allegations in Paragraph 50.

51. Defendant admits the allegations in Paragraph 51.

52. Defendant admits the allegations in Paragraph 52, except that Defendant avers that the term "extreme smoke conditions" is vague and ambiguous such that Defendant cannot form a response to the allegation and denies it on that basis.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant avers that the term "vast amounts" is vague and ambiguous such that Defendant cannot form a response to the allegation and denies the allegation on that basis. Defendant admits the remaining allegations in Paragraph 54.

55. Defendant admits the allegations in Paragraph 55.

56. Defendant admits the allegations in Paragraph 56.

57. Defendant admits the allegations in the first, third, fourth, and fifth sentences of Paragraph 57. Defendant further admits that the Tunk Block Fire fuel on the Reservation. Defendant denies the remaining allegations in the second sentence of Paragraph 57.

58. Defendant admits that the North Star and Tunk Block fires burned more than 240,000 acres on the Reservation and damaged certain trust resources. Defendant avers that the term "enormous damage" is vague and ambiguous such that Defendant cannot form a response to the remaining allegations in the first sentence of Paragraph 58 and denies the allegations on that basis. Defendant admits that the North Star and Tunk Block Fires burned at variable intensity, with certain areas experiencing high intensity fire. Defendant admits that the North Star and Tunk Block Fires burned more than 590 square miles and an estimated 800 million board feet of timber. Defendant admits that the North Star and Tunk Block Fires burned approximately 20 percent of commercial timber acreage on the Reservation. Defendant lacks knowledge or information sufficient to form a response to the allegations in the fourth sentence of Paragraph 58. Defendant admits that the North Star and Tunk Block Fires sterilized the soil at least

temporarily and burned some or all the vegetation present in certain locations. Defendant denies the remaining allegations in Paragraph 58.

59.     Defendant admits that the Cold Creek Fire, Bridge Creek Fire, and other wildfires have occurred on the Colville Reservation since the North Star and Tunk Block Fires and that such fires burned with variable intensity, with certain areas experiencing high intensity fire. Defendant further admits that wildfires were burning on the Colville Reservation on August 4, 2021, when the Complaint was filed. Defendant denies the allegation in the second sentence of Paragraph 59.

60.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 60, and, on that basis, deny the allegations. Defendant denies the allegations in the second sentence of Paragraph 60.

61.     Paragraph 61 is Plaintiff's description of a map of unknown origin and date. Defendant lacks knowledge or information sufficient to formulate a belief as to the truth of the map's accuracy and denies the allegations in Paragraph 61 on that basis.

62.     Defendant admits that the North Star and Tunk Block Fires burned with variable intensity and severity, with certain areas experiencing high intensity fire and high burn severity. Defendant further admits that in certain areas within the North Star Fire, the flame height was over 100 feet, which is approximately equivalent to the height of a seven-story building. Defendant admits the North Star Fire had fire spotting of one mile or more in certain locations and under certain weather and fire conditions and that the fires at times presented a risk to the public and fire suppression personnel. Defendant lacks knowledge or information sufficient to formulate a belief as to the truth of the allegation that the fires created their own weather systems

and denies the allegation on that basis. Defendant denies the remaining allegations in Paragraph 62.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant denies the allegations in Paragraph 64.

65. Defendant denies the allegations in Paragraph 65.

66. Defendant denies the allegations in Paragraph 66.

67. Defendant denies the allegations in the first sentence of Paragraph 67. Defendant admits the second sentence of Paragraph 67. The remaining allegations in Paragraph 67 constitute Plaintiff's characterization of the 2015 BIA Fuels Report, which speaks for itself and is the best evidence of its contents. To the extent the remaining allegations in Paragraph 67 are inconsistent with the 2015 BIA Fuels Report, Defendant denies them.

68. Defendant admits that fuels treatments can modify fire behavior and, in certain circumstances, reduce burn severity. Defendant denies any remaining allegations in the first sentence of paragraph 68. Defendant admits that Plaintiff historically practiced indigenous burning but lacks knowledge or information sufficient to formulate a belief as to the truth of the remaining allegations in the second sentence of Paragraph 68. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 68 and denies them on that basis.

69. The allegations in Paragraph 69 constitute Plaintiff's characterization and quotation of the 2015 BIA Fuels Report, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 69 are inconsistent with the 2015 BIA Fuels Report, Defendant denies them.

70. Defendant denies the allegations in Paragraph 70.

71. Defendant denies the allegations in the first sentence of Paragraph 71. Defendant admits the allegation in the second sentence of Paragraph 71. Defendant denies the allegation in the third sentence of Paragraph 71.

72. Defendant denies the allegations in Paragraph 72.

73. Defendant denies the allegations in Paragraph 73.

74. The allegations in the first, second, and fourth sentences of Paragraph 74 constitute Plaintiff's characterization of the 2005-2014 Plan for Integrated Resource Management ("IRMP"), which speaks for itself and is the best evidence of its contents. To the extent the allegations in in the first, second, and fourth sentences of Paragraph 74 are inconsistent with the IRMP, Defendant denies them. Defendant denies the allegation in the third sentence of Paragraph 74.

75. The allegations in the first and second sentences of Paragraph 75 constitute Plaintiff's characterization of the IRMP, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 75 are inconsistent with the IRMP, Defendant denies them. Defendant denies the allegation in the third sentence of Paragraph 75.

76. The allegation in the first and second sentences of Paragraph 76 constitutes Plaintiff's characterization of the IRMP, which speaks for itself and is the best evidence of its contents. To the extent the allegation in Paragraph 76 is inconsistent with the IRMP, Defendant denies it. Defendant denies the allegation in the third sentence of Paragraph 76.

77. Defendant denies the allegation in the first sentence of Paragraph 77 that the Draft 2015 Integrated Resources Management Plan ("2015 IRMP") has not been finalized. The remaining allegations in the first and second sentences of Paragraph 77 constitute Plaintiff's characterization of the 2015 IRMP, which speaks for itself and is the best evidence of its

contents. To the extent the allegations in Paragraph 77 are inconsistent with the 2015 IRMP, Defendant denies them. Defendant denies the third sentence of Paragraph 77.

78. Defendant denies the allegations in Paragraph 78.

79. Defendant denies the allegations in Paragraph 79.

80. The allegations in the first, second, and third sentences of Paragraph 80 constitute Plaintiff's characterization of NIFRMA, the IRMP, and Plaintiff's Forest Practices Water Quality Act ("FPWQA"), which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 80 are inconsistent with NIFRMA, the IRMP, and the FPQWA, Defendant denies them. Defendant denies the allegations in the fourth sentence of Paragraph 80.

81. Defendant denies the allegations in Paragraph 81. .

82. The allegations in Paragraph 82 constitute Plaintiff's characterization of the IFMAT III Site Report, which speaks for itself is the best evidence of its contents. To the extent the allegations in Paragraph 82 are inconsistent with the IFMAT III Site Report, Defendant denies them.

83. The allegations in the first sentence of Paragraph 83 constitute Plaintiff's characterization of the IRMP, which speaks for itself is the best evidence of its contents. To the extent the allegations in Paragraph 83 are inconsistent with the IRMP, Defendant denies them. Defendant denies the allegations in the third sentence of Paragraph 83.

84. Defendant denies the allegations in Paragraph 84.

85. Defendant denies the allegations in Paragraph 85.

86. Defendant denies the allegations in Paragraph 86.

87. Defendant denies the allegations in Paragraph 87.

88. Defendant denies the allegations in Paragraph 88.

89. Defendant denies the allegations in Paragraph 89.

90. Defendant denies the allegations in Paragraph 90.

91. Defendant denies the allegation in Paragraph 91.

92. The allegations in the first and second sentences of Paragraph 92 constitute Plaintiff's characterization of the Intertribal Timber Council report titled "Improving Efficiency, Equity, and Effectiveness of Wildfire Impacts on Tribal Trust Resources" ("ITC Report") which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 92 are inconsistent with the ITC Report, Defendant denies them. Defendant denies the allegations in the third and fourth sentences of Paragraph 92.

93. The allegations in the first sentence of Paragraph 93 constitute Plaintiff's characterization of the ITC Report, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the ITC Report, Defendant denies them. Defendant denies the allegations in the second and third sentences of Paragraph 93.

94. Defendant denies the allegations in Paragraph 94.

95. Defendant admits the allegations in the first sentence of Paragraph 95. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the second sentence of Paragraph 95.

96. The allegations in Paragraph 96 constitute Plaintiff's characterization of its September 30, 2015, letter to the Secretary of the Interior, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in Paragraph 96 are inconsistent with the letter, Defendant denies them.

97. Defendant denies the allegations in Paragraph 97.

98. Defendant denies the allegations in Paragraph 98.

99. Defendant denies the allegations in Paragraph 99.

100. Defendant admits that a team of technical specialists prepared BAER Reports for both the North Star Fire and Tunk Block Fires. Defendant denies the allegation in the second sentence of Paragraph 100.

101. Defendant admits that a BAER Team comprised of technical specialists from the BIA Colville Agency and Confederated Tribes of the Colville Reservation prepared the North Star Fire BAER Plans. Defendant denies the allegation in the second sentence of Paragraph 101.

102. The allegation in the first sentence of Paragraph 102 constitutes Plaintiff's characterization of the North Star Fire BAER Plan, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 102 are inconsistent with the North Star Fire BAER Plan, Defendant denies them. Defendant denies the allegations in the second sentence.

103. Defendant denies the allegations in Paragraph 103.

104. Defendant admits that the Reservation is the Tribes' permanent homeland. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104 and denies them on that basis.

105. Defendant denies the allegations in the first, second, and fourth sentences of Paragraph 105. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 105 and denies them on that basis. As to the allegations in the fifth sentence of Paragraph 105, Defendant admits that damage to soils in certain areas within the North Star and Tunk Block Fires is likely to extend the time needed to regrow commercial stands. Defendant denies the remaining allegations in the fifth sentence of

Paragraph 105. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the sixth sentence of Paragraph 105.

106.    Defendant denies the allegations in the first sentence of Paragraph 106. Defendant admits that burnt standing and fallen timber with highly erodible soils may impact native plants, wildlife habitat, and fisheries. Defendant further admits that fires that occurred following mid-August 2015 resulted in burnt standing and fallen timber with erodible soils in certain locations on the Reservation. Defendant admits that such conditions have the potential to impact native plants, wildlife habitat, water quality, and fisheries but denies the remaining allegations in Paragraph 106.

107.    Defendant admits that the North Star and Tunk Block fires temporarily impacted air quality due to smoke and particulates during the fires and for a certain period thereafter. Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegation in Paragraph 107.

## CLAIM I: BREACH OF TRUST BY MISMANAGEMENT OF FOREST, ROAD, and RELATED TRUST ASSETS

1.    Defendant incorporates by reference each of its responses to the allegations set forth in Paragraphs 1 through 107.

2.    Defendant denies the allegations in this paragraph.

3.    The allegations in this paragraph are legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

4.    Defendant denies the allegations in this paragraph.

5.    Defendant denies the allegations in this paragraph.

The allegations in this section of the Complaint, including those in subsections (1) through (3), constitute Plaintiff's prayer for relief in this case, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever from this Court.

## DEFENDANT'S GENERAL DENIAL

Defendant denies any allegation in the Complaint, whether express or implied, that is not specifically admitted or qualified herein.

## DEFENDANT'S AFFIRMATIVE DEFENSES

1. Plaintiff asserts claims that are barred, in whole or in part, by the statute of limitations in 28 U.S.C. § 2501.

2. Plaintiff asserts claims over which this Court lacks jurisdiction.

3. Plaintiff asserts claims that are barred, in whole or in part, by the doctrine of accord and satisfaction, waiver and release, and res judicata pursuant to the covenant provisions in the Joint Stipulation of Settlement between the United Sates and Plaintiff (ECF No. 59) in *Confederated Tribes of the Colville Reservation v. Salazar*, *et al.*, No. 05-cv-02471 (D.D.C. Apr. 11, 2012).

4. Plaintiff fails to state a claim upon which relief may be granted.

5. To the extent that Plaintiff seeks compensation for losses or damages allegedly suffered, and to the extent that such compensation is not barred by the above defenses, such losses and damages were caused, in whole or in part, by Plaintiff's actions or omissions.

Respectfully submitted this 12th day of August, 2024,

TODD KIM
Assistant Attorney General

Environment & Natural Resources Division
U.S. Department of Justice

*/s Devon Lehman McCune*
DEVON LEHMAN McCUNE
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
999 18th St., S. Terrace, Suite 370
Denver, CO 80202
Tel: 303-844-1487
Email: devon.mccune@usdoj.gov