### IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE CONFEDERATED TRIBES OF THE COLVILLE RESERVATION, a federally recognized Indian Tribe, | |
| Plaintiff, | |
| v. | No. 21-1664-L |
| THE UNITED STATES OF AMERICA, | |
| Defendant. | |

### JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A(III)(4) and (5) of the Rules of the United States Court of Federal Claims, Plaintiff the Confederated Tribes of the Colville Reservation ("Colville Tribes" or "Tribes"), and Defendant United States of America ("United States" or "Government") (collectively, the "Parties") submit this Joint Preliminary Status Report.

**Paragraph 4(a)        Jurisdiction**

The Parties agree that this Court generally has jurisdiction over the Tribes' claims under the Indian Tucker Act, 28 U.S.C. § 1505, and the Tucker Act, 28 U.S.C. § 1491(a)(1). The United States does not, however, agree that the Court has jurisdiction over some of the Tribes' claims because they are barred by the statute of limitations, accord and satisfaction, waiver and release, and res judicata. *See* ECF No. 26 (United States' Answer). Because a lack of subject matter jurisdiction cannot be waived, the United States intends to raise this issue again in future based on development of the record through discovery.

**Paragraph 4(b)        Consolidation**

The Parties are not aware of any related cases and do not seek consolidation with any other case.

**Paragraph 4(c)          Bifurcation**

The Parties disagree on whether this case should be bifurcated between liability and damages at this time.

**United States' position:**

The United States' position is that the case should be bifurcated into two broad phases: liability and damages. Bifurcation is appropriate because the Tribe has the burden to demonstrate that the United States breached its enforceable trust duties.  *See Fort Mojave Indian Tribe v. United States,* 32 Fed. Cl. 29, 33 (1994), *aff'd,* 64 F.3d 677 (Fed.Cir.1995) ("As the party instituting suit, plaintiffs have the burden of proof to demonstrate that defendant breached the trust obligation it owed to the Tribes ...").  As an initial point, judgment in favor of the United States would render damages questions academic.  *See Cosmo Const. Co. v. U.S.*, 451 F.2d 602, 605 (Ct. Cl. 1971) (noting in the context of a complex contract claim that it is "customary to hear a case such as this on the merits (*i.e.*, the issue of liability), separate and apart form and prior to the issue of quantum, because the latter issue may be rendered academic if liability is not found to exist).  Bifurcation would promote expediency, judicial economy, and convenience by requiring the Tribes to demonstrate that the United States is liable before the Parties engage in discovery or trial regarding damages.  If the Court finds that the United States breached enforceable trust duties, the Parties could then conduct a narrower and targeted discovery and trial on damages.

The United States also anticipates that different expert witnesses will be necessary to address the liability and damages phases of this case.  It will be burdensome, costly, and wasteful to hire expert witnesses for damages if the Tribes are not able to meet their burden to show the United States is liable.

In addition, bifurcation is warranted because damages cannot be determined without predicate findings from the Court on whether the United States breached money-mandating duties to the Tribes.  Given that the Tribes have alleged different, broad categories of trust duties (for example, fuels management, fire suppression, and post-fire rehabilitation) for multiple fires, if the Court were to decide any liability issues in favor of the United States, no work on damages is necessary on those issues.  As a result, bifurcation would potentially save both parties the substantial costs of discovery and expert witnesses on damages.  That some information may be relevant both to liability and damages does not negate the potential for efficiency and avoiding unnecessary complexity by bifurcating the case and deciding liability first.

**Tribes' position:**

The Tribes' position is that bifurcation is not appropriate because this case is very fact intensive and the facts on which liability depends overlap substantially with the facts on which damages will be based.  Thus, it would be inefficient to divide up the case as proposed by the United States.  The Court has already ruled in this case that the Tribes have identified enforceable, money-mandating trust duties (ECF No. 23), and there has been no appeal of that ruling.  There have been well over 100 breach of trust cases filed by tribes over the last 20 years, many of which have similarities to the present case.  The Tribes are not aware of this Court bifurcating liability and damages in cases like this case.  The undersigned has litigated several breach of trust cases involving alleged breaches of forest-related fiduciary duties and none of those were bifurcated.  *Northern Cheyenne v Salazar,* No. 02250-TFH (D.C. 2006); *San Carlos Apache Tribe v. United States,* No. 14-1045L (Fed. Cl. 2016*); White Mountain Apache Tribe v. United States No. 17-359 (Fed. Cl. 2018).*

The case is in its early stages but it is evident liability and damages will overlap. For example, the Tribes allege that the United States breached its money-mandating trust duties to maintain a healthy forest (via, e.g., prescribed burns and thinning) which resulted in catastrophic fires. The Tribes will likely acknowledge that the United States carried out some forest health activities but fell well short of fulfilling its fiduciary duties, and catastrophic fires resulted. Thus, it is anticipated that the breach will be based, at least in part, on the difference between: the forest health activities that should have been carried out when compared to the forest health activities that actually occurred. Similarly, one potential measure of damages is the money that should have been spent to carry out such activities, or alternatively, the amount of money that would be required to do so to repair the breach. As such, the factual and monetary difference between what activities the United States performed and what the United States should have performed if it had fully complied with its fiduciary duties will help establish the breach, and will also be directly relevant to the damages calculation.

The factual record of liability and damages also overlap with respect to other claims made by the Tribes. For example, it is expected that the extent to which forest roads were not maintained (to prepare for and fight fires and retore the forest after the fires) supports the claimed breach and will correspond directly to the amount of damages.

The United States explains above that it "anticipates different expert witnesses will be necessary to address the liability and damages phases of this case." While it is possible the Tribes' approach may change, it is the current plan and highly likely that the Tribes will utilize the same expert witnesses for liability and damages. In the several past breach of fiduciary duty cases involving the forests in which the undersigned represented the plaintiff tribes, the experts employed by the tribes uniformly handled liability and damages together. The main reason for

this is that, as explained above, liability and damages are closely tied.  If the United States opts to have different sets of experts for liability and damages, it can do so but that does not mean the case should be bifurcated.

While unlikely, it is possible the Tribes may support bifurcation in some manner after the case is further developed. The Tribes propose that the Parties are given the opportunity to consider, and if appropriate, propose bifurcation after discovery when the Parties' joint status of further proceedings is submitted.

**Paragraph 4(d)          Deferral of Case**

The Parties do not request that this case be deferred.

**Paragraph 4(e)          Remand or Suspension**

The Parties are not seeking a remand or suspension.

**Paragraph 4(f)          Additional Parties**

The Parties are not seeking to join additional parties.

**Paragraph 4(g)          Dispositive Motions and Proposed Schedule**

The Parties may file motions pursuant to Rule 56 of the Rules of the United States Court of Federal Claims. The Parties will meet and confer and propose a briefing schedule after the close of fact discovery, in accordance with the schedule below.

**Paragraph 4(h)          Relevant Legal and Factual Issues**

The Tribes seek the recovery of damages for alleged breaches of money-mandating duties. The Tribes contend the United States has, as a trustee, responsibility for the management of the Colville forests, including wildfire prevention, suppression, and post-fire forest rehabilitation. The United States denies any such breaches, and contends that the Tribes have

undertaken planning and responsibility for hazardous fuels reduction and forest management activities that contributed to the damages alleged here.

The Parties do not agree on the remaining primary legal issues before the Court. The United States contends the relevant legal issues primarily relate to the alleged existence, source, nature, scope, and breach of the United States's money-mandating trust duties that it owes the Tribes. The Tribes contend that the May 30, 2024 decision denying the United States's Motion to Dismiss (ECF No. 23) resolved those issues with the exception of the breach, which will be resolved after the facts are further developed.

According to the Tribes, the relevant factual issues consist of: (i) how the United States undertook the performance of its money-mandating duties; (ii) whether the United States's acts and omissions, including with respect to fuels management, wildfire preparation, wildfire suppression, road management, and post-fire forest rehabilitation on the Colville Reservation departed from what was required to fulfill its money-mandating trust duties; and (iii) what damages resulted from the United States' alleged breaches of its money-mandating duties.

According to the United States, the relevant factual issues include (i) whether and to what extent the Tribes participated in the decision-making regarding forest management; (ii) whether and to what extent the Tribes' control and responsibility over forest management activities contributed to the damages alleged here; (iii) whether the Tribes' claims accrued more than six years before the Complaint; and (iv) whether the Tribes' claims were waived or otherwise released by the 2012 settlement with the United States.

**Paragraph 4(i)          Likelihood of Settlement and Contemplation of ADR**

The Parties believe that further exploration of the facts is necessary before they can determine the likelihood of settlement and the need for alternative dispute resolution.

**Paragraph 4(j)        Likelihood of Trial**

The Parties are uncertain whether this case will proceed to trial. The Parties may file motions for summary judgment as to liability which may resolve the case or narrow the issues for trial. The Parties do not seek expedited trial scheduling.

**Paragraph 4(k)        Special Issues Regarding Electronic Case Management Needs**

The Parties believe that a discovery order, which would, among other things, prescribe e-discovery parameters, is necessary.  As noted below in Paragraph 5, the Parties intend to submit a proposed discovery order by November 21, 2024.

**Paragraph 4(l)        Other Information**

The Parties are not aware of additional information that needs to be presented to the Court at this time.

**Paragraph 5        Proposed Schedule**

**United States' proposed schedule:**

The United States submits the below proposed schedule based on the Court bifurcating liability and damages.[1]

| Task | Deadline |
|---|---|
| Submit Proposed Discovery Order | November 21, 2024 |
| Exchange disclosures required by Rule 26(a)(1)(A)(i) and (ii) | November 21, 2024 |
| Serve initial Rule 33 and Rule 34 discovery requests | December 19, 2024 |
| Deadline to amend complaint | September 18, 2025 |
| Complete document discovery (including ESI), but excluding documents identified in expert and fact witness discovery | December 18, 2025 |

---

[1] The proposed schedule only sets out deadlines for the initial liability phase of this litigation.  As reflected in the schedule, should the case move past dispositive motions on liability, the Parties propose to submit a joint status report at that time to address additional proceedings.

| Task | Deadline |
|---|---|
| Complete fact witness depositions | April 23, 2026 |
| Disclose Plaintiffs' expert reports | May 21, 2026 |
| Disclose Defendant's expert reports | July 16, 2026 |
| Disclose Plaintiffs' rebuttal expert reports | September 10, 2026 |
| Disclose Defendant's rebuttal expert reports | November 5, 2026 |
| Complete expert depositions | January 28, 2027 |
| Complete discovery | February 11, 2027 |
| Submit status report for further proceedings (*i.e.*, dispositive briefing deadlines) | March 4, 2027 |

The United States believes that expert reports should be staggered because the Tribes bear the burden of proof to show a breach of the United States' money-mandating duties. *Confederated Tribes of Warm Springs Res. of Oregon v. United States*, 248 F.3d 1365, 1371 (Fed. Cir. 2001). Both Parties possess relevant records, and under either proposed schedule the Parties will have exchanged documents relevant for the initial expert report by December 18, 2025. Staggering production of the expert reports does not prolong the case because discovery concludes on February 11, 2027, under either proposal.

**Tribes' proposed schedule**:

The Tribes submit the below schedule.  The only differences from the United States' proposed schedule are that the case is not bifurcated and expert witness disclosures are simultaneous.

| Task | Deadline |
|---|---|
| Submit Proposed Discovery Order | November 21, 2024 |
| Exchange disclosures required by Rule 26(a)(1)(A)(i) and (ii) | November 21, 2024 |
| Serve initial Rule 33 and Rule 34 discovery requests | December 19, 2024 |

| Task | Deadline |
|---|---|
| Deadline to amend complaint | September 18, 2025 |
| Complete document discovery (including ESI), but excluding documents identified in expert and fact witness discovery | December 18, 2025 |
| Complete fact witness depositions | April 23, 2026 |
| Disclose expert reports | July 16, 2026 |
| Disclose rebuttal expert reports | November 5, 2026 |
| Complete expert depositions | January 28, 2027 |
| Complete discovery | February 11, 2027 |
| Submit status report for further proceedings (*i.e.*, dispositive briefing deadlines) | March 4, 2027 |

The Tribes believe that simultaneous disclosure of expert reports is appropriate because the United States is the party charged with meeting fiduciary obligations for the benefit of the Tribes and possesses more of the records and other data on which the expert reports will be based.  Thus, it is in a better position to develop expert opinion about whether it is meeting its money-mandating duties.  If the United States only submits expert reports in response to the Tribal reports, that would disadvantage the Tribes/beneficiaries in favor of the United States/trustee.  Also, it could unnecessarily complicate and prolong the case as there will be four rounds of expert disclosures rather than two.  Lastly, the Tribal-proposed schedule provides more time to complete expert reports after the completion of the important discovery needed to establish the bases for the expert opinion.

Respectfully submitted this 3rd day of October 2024.

*/s/ Brian Chestnut*
Brian Chestnut
Ziontz Chestnut LLP

2101 4th Avenue #1230
Seattle, WA 98121
Tel: (206) 448-1230
Email: ziontzchestnut.com

*Counsel of Record for the Colville Tribes*

TODD KIM
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

*/s/ Devon Lehman McCune*
DEVON LEHMAN McCUNE
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
999 18th St., S. Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1487
Email: devon.mccune@usdoj.gov

*Counsel of Record for the United States*